UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. _____

MEGAN McKEE and MARY LANDON, her wife,

Plaintiffs,

vs.

KYLE BROCK, individually, and CHRISTIAN LARSEN,
individually,

Defendants.

_____/

## COMPLAINT
### (Jury Trial Demanded)

Plaintiffs, Megan McKee and Mary Landon, her wife, hereby sue Defendants, Kyle Brock individually and Christian Larsen individually, and allege:

## GENERAL ALLEGATIONS

1. This is an action brought pursuant to the provisions of 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution, together with state law claims.

2. This Court has jurisdiction of this action pursuant to provision 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Jurisdiction over the state law claims is based upon the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367.

3. At all times material hereto, Plaintiffs, Megan McKee and Mary Landon, were and still are residents of Pasco County, Florida, and the United States of America and married.

4. At all times material hereto, Pasco County, Florida, a political subdivision of the State of Florida operated the Pasco County Corrections Facility (Jail) in Land O' Lakes, Florida, located in Pasco County, Florida.

5. At all times material hereto, Kyle Brooks was a resident of Pasco County, Florida, and worked as an "officer" at the Land O' Lakes jail facility.

6. At all times material hereto, Christian Larsen was a resident of Pasco County, Florida, and worked as an "officer" at the Land O' Lakes jail facility.

7. On or about June 25, 2025, Plaintiffs, Megan McKee and Mary Landon, furnished the Pasco County Board of County Commissioners and Department of Financial Services with written notice of claim via certified mail – return receipt requested pursuant to Section 768.28, Florida Statutes.

8. Plaintiffs, Megan McKee and Mary Landon, have complied with all the conditions precedent, including the conditions precedent set forth in Section 768.28, Florida Statutes, prior to filing this civil action.

## STATEMENT OF FACTS

9. On October 29, 2024, the Plaintiff, Megan McKee, called 911 because of a domestic disturbance where she lived in Hudson, Florida, fearing for her safety.

2

10.     However, when the Pasco County Sheriff's Department arrived, they arrested the Plaintiff, Megan McKee, for battery and took her to the Pasco County Jail on the late night hours of that day.

11.     This was the first time the Plaintiff had ever been taken to jail and was visibly frightened, scared and emotionally upset.  She did not understand why she was being jailed.

12.     On October 30, 2024, the Plaintiff, a woman, was approximately 5'4" tall and weighed approximately 120 lb. She was strip searched in front of male officers at the jail after asking not to be, and purposefully humiliated and then placed in a jail cell by herself.

13.     The Plaintiff was unarmed and was not a threat to herself, members of law enforcement, or other detainees at the jail.

14.     Ms. McKee was terrified, begging to call her spouse, visibly crying and begging for help.

15.     In the cell, given her training as a licensed practical nurse, Ms. McKee repeatedly pressed a "call light" type button in the cell to try to get help. This resulted in the Jail staff either screaming at her or ignoring her growing emotional terror.

16.     It was now objectively obviously that she was having an emotional breakdown and the Jail staff responded by dragging her out of the cell, and through the Jail, thereby increasing her panic.

17.     As her panic and fear increased, the physical force used by the male Jail staff escalated and as she was shoved into another cell, her

eyeglasses fell off her face outside of the new cell the Jail staff put her in.  She now could not see clearly and desperately reached for her glasses, now on the ground out of her reach.

18.    Jail officers viciously and angrily grabbed her by the arms and wrists and shoved her down to the cement floor, driving her face into the cement, causing a laceration to her left forehead near her left eye that bled.

19.    At the same time, Jail officers bent her left arm behind her back in such a way to cause an audible snapping sound emanating from the left elbow.

20.    One of the Jail officers then put his mouth to her ear and whispered "this is what you get for what you did out there."

21.    Ms. McKee was left in severe pain on the cell floor, using her right hand to pull her left arm from behind her back to the front of her body.  She asked for a nurse several times after hearing and feeling the snap in her left elbow, but was not seen until near the time she was released from Jail on October 30, 2024.  An officer had kept telling her she was "never going to be seen by a nurse."

22.    Upon being released from the Jail, someone in the Jail medical clinic wiped the blood from her face before taking her photograph.

23.    Plaintiffs, Megan McKee and Mary Landon, have retained the undersigned counsel and agreed to pay them reasonable attorney's fees to represent them in this action.

4

## COUNT I – SECTION 1983
## CLAIM AGAINST DEFENDANTS KYLE BROCK AND
## CHRISTIAN LARSEN FOR EXCESSIVE USE OF FORCE

Plaintiff, Megan McKee, sues Defendants, Kyle Brock and Christian Larsen, and hereby realleges, readopts and reincorporates Paragraphs 1 through 23 above as if fully set forth herein.

24.    This claim is brought against Defendants, Brock and Larsen, in their individual capacities.  They were acting under the color of law at the Jail facility where they both worked.

25.    Before Defendants, Brock and Larsen, laid hands on the Plaintiff, it was obvious that she was having a severe emotional crisis, crying and begging for help, not understanding what she was doing there and trying to contact her spouse.

26.    The Plaintiff, as a pretrial detainee who had just been arrested, had a clearly established right under the Fourteenth Amendment of the United States Constitution to be free from gratuitous violence and the excessive use of force while in the custody of the State.

27.    A reasonable officer in Defendants Brock's and Larsen's position would have known that these constitutional rights were clearly established at the time the wrongful conduct occurred and that such conduct, as described below, violated these constitutional rights.

28.    Defendants Brock and Larsen violated Plaintiff, Megan McKee's, right to be free from the excessive use of force and to be free from gratuitous assault as secured by the Fourteenth Amendment of the United States

5

Constitution when, acting together, they violently threw the Plaintiff to the ground, and bent her left arm behind her back to the point of breaking it, having done nothing to pose any risk to the Defendants, thus causing injury to the Plaintiff's person.

29.    Defendants Brock's and Larsen's conduct, as set forth above, was intentional, reckless, deliberate, and indicative of Defendants Brock's and Larsen's callous disregard of and indifference to Plaintiff and her constitutional rights.

30.    At all times material hereto, Defendants Brock and Larsen were aware that Plaintiff, Megan McKee, had a clearly established constitutional right to be free from the excessive use of force and to be free from gratuitous assault by police officers.

31.    Yet, the amount of force used by Defendants Brock and Larsen against Plaintiff, Megan McKee, was not objectively reasonable.  It was excessive and grossly disproportionate to the amount of force necessary because, at the time of the incident, Plaintiff did not pose any threat, much less an imminent threat, to the Defendants or anyone else.

32.    As a direct and proximate result of Defendants Brock's and Larsen's actions as described above, Plaintiff, Megan McKee, suffered physical injuries, including aggravation of a pre-existing condition and incurred medical bills, lost wages, pain and suffering, mental anguish and other damages.

**WHEREFORE**, Plaintiff, Megan McKee, demands judgment against Defendants, Kyle Brock, individually, and Christian Larsen, individually, as follows:

a.      for compensatory damages;

b.      for punitive damages;

c.      for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

d.      any further relief as allowed by law due to the unlawful conduct of Defendants Brock and Larsen.

## COUNT II
## STATE LAW BATTERY CLAIMS AGAINST DEFENDANTS KYLE BROCK and CHRISTIAN LARSEN

Plaintiff, Megan McKee, sues Defendants, Kyle Brock and Christian Larsen, and hereby realleges, readopts and reincorporates Paragraphs 1 through 23 above as if fully set forth herein.

33.    Without needing to inflict physical violence on the Plaintiff, who posed no risk to Defendants or anyone else, Brock and Larsen assaulted and battered the Plaintiff while in the jail by throwing her to the cement floor face first and then pinning her left arm behind her back to the point of it audibly breaking.

34.    This physical violence against the Plaintiff's body was done against her will and willfully and wantonly by the Defendants with complete disregard for the Plaintiff's health, safety and welfare, maliciously injuring her for doing nothing more than having a severe emotional reaction to being jailed for the first time and begging to call her spouse.

35.    As a direct and proximate result of the intentional physical violence used by Defendants Brock and Larsen against the Plaintiff, she suffered physical injuries, including aggravation of a pre-existing condition and incurred medical bills, lost wages, pain and suffering, mental anguish and other damages.

**WHEREFORE**, Plaintiff, Megan McKee, demands judgment against Defendants, Kyle Brock, individually, and Christian Larsen, individually, for damages as aforesaid, together with the costs of this action and such other and further relief the Court deems just and proper.

### COUNT III
### LOSS CONSORTIUM CLAIM ON BEHALF
### OF PLAINTIFF MARY LANDON

Plaintiff, Mary Landon, sues the Defendants, Kyle Brock, individually, and Christian Larsen, individually, and alleges:

36.    Plaintiff, Mary Landon, hereby realleges, readopts, and reincorporates Paragraphs 1 through 23, Paragraphs 24 to 32, and Paragraphs 33 to 35 of this Complaint above as if fully set forth herein.

37.    That as a direct and proximate result of the injuries and damages suffered by her wife, Megan McKee, by the actions of the Defendants, Kyle Brock and Christian Larsen, Plaintiff, Mary Landon, was caused to suffer in the past and will suffer in the future the loss of her wife's services, companionship and consortium, mental and emotional anguish, and other damages.

**WHEREFORE**, the Plaintiff, Mary Landon, hereby demands judgment for damages against Defendants, Kyle Brock, individually and Christian Larsen,

8

individually, together with costs of this civil action and any further relief this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, Megan McKee and Mary Landon, hereby demand a jury trial in this action.

**DATED** this 10th day of June, 2026.

_s/  Daniel P. Faherty_____
**DANIEL P. FAHERTY, ESQUIRE**
Florida Bar No. 379697
Telfer, Faherty & Anderson, P.L.L.C.
815 South Washington Avenue
Suite 201
Titusville, FL   32780-4299
Telephone No.:   (321) 269-6833
Facsimile No.:    (321) 383-9970
Attorneys for Plaintiffs
cguntner@ctrfa.com
croca@ctrfa.com

9